UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JUSTIN JAMES,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHANT SHEKLANIAN, JASON GUTKNECHT, MICHAEL B. KIME, CITY OF MADERA, and DOES 1 THROUGH 100, INCLUSIVE<br><br>                    Defendants. | 08-CV-01943-OWW-GSA<br><br>ORDER GRANTING REQUEST FOR CONTINUANCE (DOC. 27) |

Defendants' motion for summary judgment is currently set for hearing on February 8, 2010. (Doc. 25.)  On January 19, 2010, Plaintiff, whose opposition was due on January 25, 2010, filed a "motion to continue" the February 8 hearing. (Doc. 27.)  Defendants oppose the request for a continuance. (Doc. 28.)

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), a court "may, for good cause," extend the time for filing papers if the request is made "before the original time ... expires...."  Here, Plaintiff's counsel indicates that his private investigator "has been unable to perform his usual and customary duties due to illness since before January 1, 2010," and is not "anticipated to be back to full duty January 26, 2010." (Doc. 25 at 2.)

Defendants argue that this does not satisfy the "good cause" standard because Plaintiff has failed to explain why the services of the investigator are necessary given that "the depositions of a number of percipient witnesses have already been taken; and discovery closed on November 30, 2009." (Doc. 28 at 2.)  Moreover, Defendants point out that Plaintiff's counsel has been "connected

1

to this matter since the criminal prosecution in 2007," and therefore argue "[t]here is simply no reason why any investigation could not have been adequately performed sooner."

But, Plaintiff's counsel is not arguing that his investigator is needed to discover new information. Rather, counsel, who is a sole practitioner, indicates in his Declaration that the services of his investigator are needed "to locate[] and accumulate information and evidence relevant to Defendants' Motion," and that in the investigator's absence, counsel has "attempted, in the two weeks available, to locate and accumulate the necessary information without success." (Doc. 27 at 6.) This constitutes good cause.[1]

No previous extensions have been granted in this case, and the trial date is not until April 20, 2010. A short continuance to accommodate counsel's staffing problems will not prejudice defendant in any way. The hearing on Defendants' motion for summary judgment is continued to March 1, 2010, at 10:00 a.m. The pretrial conference is reset for March 22, 2010, at 11:00 a.m.

IT IS SO ORDERED.

Dated:   January 27, 2010                  /s/ Oliver W. Wanger
                                      UNITED STATES DISTRICT JUDGE

---

[1] Under the circumstances, Defendants' reliance on the Rule 56(f) standard is totally misplaced, as Plaintiff is not requesting additional discovery, only additional time to evaluate and gather existing discovery material with the assistance of his investigator.

2