1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JUSTIN JAMES,<br><br>            **Plaintiff,**<br><br>    **v.**<br><br>SHANT SHEKLANIAN,<br><br>            **Defendants.** | **1:08-cv-01943-OWW-GSA**<br><br>**MEMORANDUM DECISION REGARDING PLAINTIFF'S MOTION FOR NEW TRIAL (Doc. 85)** |

### I.   INTRODUCTION.

On April 28, 2010, the jury returned its verdict in this action.  The jury found that Madera Police Officer Shant Sheklanian ("Defendant") unlawfully used excessive force in the arrest of John James ("Plaintiff") in violation of Plaintiff's Fourth Amendment rights under the U.S. Constitution.  (Doc. 79).  However, the jury also found that Defendant's Fourth Amendment violation was not the cause of harm or damage to Plaintiff.  (Id.).  Corresponding to instructions on the verdict form, the jury made no finding as to damages.

On May 28, 2010, Plaintiff filed a motion seeking: (1) to set aside the judgment; (2) to grant judgment as a matter of law; (3) to amend the judgment; or (4) a new trial.  (Doc. 85).
///

**1**

1   Defendant filed opposition to Plaintiff's motion on June 17,
2   2010. (Doc. 89).

3                    **II.   FACTUAL BACKGROUND.**[1]

4        On January 26, 2007, at or about 11:20 p.m., an altercation
5   arose inside the Back Street Bar & Grill in Madera ("the Bar"),
6   California.  Approximately 20 to 30 patrons exited the bar, and
7   several individuals began fighting in the street.  Plaintiff exited
8   the Bar and attempted to intervene in a confrontation between one
9   of his friends and another person.  A few moments later, several
10  Madera Police Officers arrived at the scene.

11       Although the circumstances surrounding Defendant's use of
12  force on Plaintiff are subject to dispute, it is undisputed that
13  Defendant tackled Plaintiff, punched Plaintiff after tackling him,
14  and later utilized his taser on Plaintiff.  Plaintiff was then
15  arrested, placed in the back of a patrol car, and taken to a local
16  hospital where he was treated for his injuries.  Plaintiff paid
17  approximately $466 dollars for medical care related to the injuries
18  he sustained on January 26, 2007.

19       Plaintiff testified that the taser strike was "very painful"
20  and that he had "a lot of pain" in his left shoulder for about
21  three weeks after the attack.  Two taser barbs where lodged in
22  Plaintiff's chest area and where not removed until Plaintiff
23  arrived at the hospital.  Plaintiff also sustained a laceration and
24  a knot above his left eye. Plaintiff stated that he experienced
25  limitations with respect to his ability to lift items over two

26
27       [1] The facts material to the instant motion are those relevant to the issue
         of whether it is possible to reconcile the jury's finding of excessive force with
         the jury's finding that Defendant did not cause Plaintiff harm.  This factual
28       history is limited accordingly.

pounds, to lay down with his arms in certain positions, and to engage in recreational activities.  At the time of trial, tension and pain in Plaintiff's shoulder persisted.

### III.  **LEGAL STANDARD**.

Federal Rule of Civil Procedure 50 provides, in pertinent part:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue

Fed. R. Civ. P. 50.  A renewed motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) is properly granted "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *E.g. Harper v. City of L.A.*, 533 F.3d 1010, 1021 (9th Cir. 2008)(citation omitted).  "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Id.*

Federal Rule of Civil Procedure 59 states in part, "A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1).  Historically recognized grounds include, but are not limited to, claims "that the verdict

**3**

is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).  Where a Rule 59 motion is based on a challenge to the jury's assessment of the evidence, the trial court may grant a new trial only if the jury's verdict was against the clear weight of the evidence. *See, e.g. Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1083 (9th Cir. 2009).

A district court may set aside a jury's verdict and order a new trial where the jury's findings are so inconsistent that they cannot be reconciled with each other. *White v. Ford Motor Co.*, 312 F.3d 998, 1005 (9th Cir. 2002).  In an inconsistent verdict case, a court asks not whether the verdict necessarily makes sense under any reading, but whether it can be read in light of the evidence to make sense. *Id*.  Only in the case of fatal inconsistency may the court remand for a new trial. *Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) (citing *Gallick v. Baltimore & O.R.R. Co.*, 372 U.S. 108, 110 (1963)).  A court determines the meaning of the verdict in light of the jury instructions. *Borck v. City of L.A.*, 303 Fed. Appx. 437, 439 (9th Cir. 2008) (unpublished) (citing *Floyd*, 929 F.3d at 1399); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003).

## IV. <u>DISCUSSION</u>.

Plaintiff contends that in light of the jury instructions and evidence presented at trial, the jury's finding that Defendant used excessive force on Plaintiff but that Plaintiff's excessive force was not the cause of harm to Plaintiff is fatally inconsistent. The jury was provided with the following causation instruction:

**4**

1
2
3
4
5

> In order to establish that the act of Officer Shant Sheklanian deprived the plaintiff of his particular rights under the laws of the United States Constitution as explained in other instructions, the plaintiff must prove by a preponderance of the evidence that the act was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

6  (Doc. 77, Instruction 15).

7      The causation instruction accurately informed the jury of the

8  causation requirement.  Causation is established where the evidence

9  demonstrates that a defendant's action was a substantial factor in

10 bringing about the harm underlying a plaintiff's claim.  *E.g.*,

11 *Whiteley v. Philip Morris, Inc.*, 117 Cal. App. 4th 635, 701 (Cal.

12 Ct. App. 2004) (discussing substantial factor standard); *Hardison*

13 *v. Bushnell*, 18 Cal. App. 4th 22, 26 (Cal. Ct. App. 1993) ("simple

14 test for determining whether the cause-in-fact component of legal

15 cause exists: Was the actor's conduct 'substantial factor in

16 bringing about the harm[?]'"); *accord Harpe v. City of L.A.*, 533

17 F.3d 1010, 1027 (9th Cir. 2008) (causation established where

18 defendants action was "moving force behind the injury of which the

19 plaintiff complains")*.*  Harm is established by evidence that a

20 plaintiff suffered a detrimental change to the body.  *Macy's*

21 *California, Inc. v. Superior Court*, 41 Cal. App. 4th 744, 755 (Cal.

22 Ct. App. 1995).  Use of force on another is so closely connected to

23 the injury resulting from such force that it is the legal cause of

24 the harm sustained.  *See Delgado v. Interinsurance Exchange of*

25 *Automobile Club of Southern California*, 47 Cal. 4th 302, 308 (Cal.

26 2009) (discussing causation element of assault and battery).

27     The evidence presented at trial indicated that Defendant was

28 responding to a reported fight in a public street outside the Bar.

**5**

Defendant, upon arrival, saw no fighting among people gathered in the street.   Defendant saw Plaintiff talking to two or three individuals.   Defendant tackled Plaintiff to the ground, punched him in the face, and utilized a taser on Plaintiff.   The evidence presented at trial also indicated that Plaintiff suffered pain as a result of Defendant's use of force, and that Plaintiff incurred medical bills at a local hospital emergency room in connection with the physical injuries he sustained during Defendant's use of force, including removal of taser darts from his chest.   No evidence was presented, nor did any exist, regarding alternate causes of Plaintiff's physical injuries.   In light of the evidence presented at trial, the jury's finding that Defendant did not cause Plaintiff harm cannot be reconciled with the jury's finding that Defendant violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure under color of law.

Defendant's opposition to Plaintiff's motion for a new trial contends that the jury could have reasonably found that Defendant used excessive force but that Plaintiff was not entitled to damages.   The jury did not reach the issue of damages because it found no causation.   This was clear error.   That defendant suffered physical and mental pain and sustained physical injuries as a result of Defendant's use of force is undisputed.   There was no evidence presented that would allow the jury to conclude that Defendant was not the cause of such pain and injuries.   The fundamental inconsistency in the jury's verdict is its finding that Defendant used excessive force, but that such force did not cause harm to Plaintiff.   The jury's verdict is legally irreconcilable. Whether, in the jury's mind, the act which rose to the level of

**6**

excessive force was Defendant's tackling, punching, or tasing of Plaintiff is immaterial.   Because Defendant's use of excessive force is inseparable from the pain, medical treatment, and injury caused thereby, the jury's finding that Defendant did not cause Plaintiff harm renders the jury's verdict fatally inconsistent and requires granting of Plaintiff's motion for a new trial. *See Floyd*, 929 F.2d at 1396.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's motion for a directed verdict is DENIED;

2) Plaintiff's motion to amend the judgment is DENIED;

3) The Clerk of Court is DIRECTED to vacate the judgment; and

4) Plaintiff's motion for a new trial is GRANTED.

IT IS SO ORDERED.

**Dated:   August 25, 2010**                          **/s/ Oliver W. Wanger**
                                                              UNITED STATES DISTRICT JUDGE